# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| | : | |
| v. | : | Criminal Action No. |
| | : | 5:93-cr-22 (HL) |
| WATSON STEVEN DILBERT, | : | |
| Defendant. | : | |

# ORDER

Before the Court is the Defendant's second motion for reconsideration (Doc. 343) of the Court's order (Doc. 245) denying his motion to reduce sentence (Doc. 198). The Defendant's motion to reduce sentence was brought pursuant to 18 U.S.C. § 3582(c)(2) and argued that the Sentencing Guidelines Amendment 599 applied to his case. After considering the factors articulated in 19 U.S.C. § 3553(a), this Court denied his motion. The Eleventh Circuit affirmed the decision (Doc. 262). On November 7, 2008, the Defendant filed a motion to reconsider (Doc. 313) the Court's order denying the motion to reduce sentence, but the Court denied it (Doc. 335) finding the motion was barred under the law-of-the-case doctrine and that it was without merit. On March 28, 2011, the Defendant filed a second motion for reconsideration.

In its order denying the motion to reduce sentence, this Court found that if the Defendant were to be resentenced then it would be required to impose a shorter sentence because of the 599 Amendment, but because of the factors listed in 18

U.S.C. § 3553(a)[1], it chose not to resentence the Defendant within the recalculated range. In applying the factors, the Court noted that the Defendant had a propensity for violence and committed extremely violent acts in committing the crime for which he was sentenced. The Eleventh Circuit affirmed the decision.

In his second motion for reconsideration the Defendant argues that the recent Supreme Court case Dillon v. United States, 130 S. Ct. 22683, 177 L.Ed.2d 271 (2010) requires this Court to reduce his sentence to a term within the amended Sentencing Guidelines range required by Amendment 599. The Defendant is incorrect that Dillon requires such a result. Dillon repeats the standard for sentence-modification proceedings authorized by 18 U.S.C. § 3582(c)(2). The standard is a two-step process.

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. . . . . At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Id. at 2961-62.

Dillon does not remove the requirement that the district court examine the §

---

[1] Section 3553(a) provides that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and it enumerates several factors a court "shall consider" in determining an appropriate sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1)

2

3553(a) factors before authorizing a sentence reduction. It provides that it is within the district court's discretion to determine whether the sentence reduction should occur.

Here, the Court considered the § 3553(a) factors and found that it would not reduce the Defendant's sentence because of his violent history. Dillon does not show that the Court's findings were error. Accordingly, the motion for reconsideration (Doc. 343) is denied.

**SO ORDERED**, this the 25th day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc